**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDILSON RODRIGUEZ-LUZ Jr., | No. 07-73208 |
| Petitioner, | Agency No. A098-112-606 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Edilson Rodriguez-Luz Jr., a native and citizen of Brazil, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Substantial evidence supports the agency's finding that Rodriguez-Luz failed to establish he was persecuted on account of a protected ground, *see Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground), and the agency's finding Rodriguez-Luz failed to show he was or would be persecuted by the Brazilian government or by persons the government was unwilling or unable to control, *see Castro-Perez v. Gonzales*, 409 F.3d 1069, 1071-72 (9th Cir. 2005). Accordingly, Rodriguez-Luz's asylum claim fails. *See id*. at 1072.

Because Rodriguez-Luz failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id*.

Substantial evidence also supports the agency's denial of CAT relief because Rodriguez-Luz did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Brazilian government. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**